# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DANIEL KAGEN,

    Petitioner,

vs.

STATE OF NEVADA, *et al.*,

    Respondents.

2:05-cv-01438-KJD-RJJ

**ORDER**

Petitioner has filed a notice of appeal (docket #17), seeking to appeal from the dismissal of his habeas corpus petition. There are two matters that must be resolved, however, with respect to petitioner's appeal.

First, petitioner has not paid the $455 filing fee for the appeal. The Court will grant petitioner time to pay the filing fee. If petitioner is unable to pay the filing fee, he may apply for leave to proceed *in forma pauperis* on appeal. The Court will order the Clerk to provide petitioner with a form of affidavit that petitioner must file along with an Application to Proceed *in Forma Pauperis* on Appeal. If petitioner is granted *in forma pauperis* status for the appeal, he may be allowed to proceed on appeal without pre-paying the $455 fee.

The second matter that must be resolved with respect to the appeal is the matter of a certificate of appealability. Petitioner must obtain a certificate of appealability from this Court or from the Court of Appeals, in order to proceed with his appeal. *See* 28 U.S.C. §2253(c). The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial

of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Petitioner will be granted time to file in this Court a Motion for Certificate of Appealability. In such motion, petitioner must set forth, in an organized and understandable fashion, the issue(s) he wishes the Court of Appeals to consider. Petitioner's motion should also include any argument he wishes to present in support of the motion.

**IT IS THEREFORE ORDERED** that petitioner shall have until and including **December 15, 2006**, to either (1) pay the $455 filing fee for his appeal, or (2) file an Application to Proceed *in Forma Pauperis* on Appeal, along with an affidavit on the correct form regarding his financial status.

**IT IS FURTHER ORDERED** that the Clerk shall **SEND** to petitioner the correct form of affidavit for him to complete and file with an Application to Proceed *in Forma Pauperis* on Appeal (Form 4 in the Appendix of Forms following the Federal Rules of Appellate Procedure).

**IT IS FURTHER ORDERED** that petitioner shall have until and including **December 15, 2006**, to file a Motion for Certificate of Appealability, as instructed above.

///

///

1       **IT IS FURTHER ORDERED** that if petitioner fails to file a Motion for Certificate
2 of Appealability within the time allowed by this Order this Court deny him a certificate of
3 appealability.
4       DATED: November 21, 2006

                                                  UNITED STATES DISTRICT JUDGE